## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | |
|---|---|
| LAQUITA HICKS,<br><br>       Plaintiff,<br><br>v.<br><br>REGIONAL FINANCE<br>CORPORATION OF TENNESSEE,<br><br>       Defendant. | **Case No.: 2:20-cv-02665**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>  **1. TCPA, 47 U.S.C. § 227,**<br><br>  **2. Invasion of Privacy - Intrusion Upon Seclusion** |

## COMPLAINT FOR DAMAGES

Plaintiff, Laquita Hicks ("Plaintiff"), through her attorneys, alleges the following against Regional Finance Corporation of Tennessee ("Defendant"):

## INTRODUCTION

1.     Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

//

//

2.      Count II of Plaintiff's Complaint is based upon the Invasion of Privacy - Intrusion upon Seclusion, as derived from § 652B of the Restatement (Second) of Torts. § 652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns… that would be highly offensive to a reasonable person."

## JURISDICTION AND VENUE

3.      Subject matter jurisdiction of the Court arises under 47 U.S.C. § 227 et seq. and 28 U.S.C. 1331.

4.      Venue is proper pursuant to 28 U.S.C. 1391(b)(1) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

5.      Defendants transact business here; personal jurisdiction is established.

## PARTIES

6.      Plaintiff is a natural person residing in the County of Shelby, State of Tennessee.

7.      Defendant is a creditor engaged in the business of giving consumer loans with its principal place of business located in Greer, South Carolina. Defendant can be served with process at 979 Batesville Rd Suite B, Greer, SC 29651-6819.

8.      Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

9.     In late 2019 Plaintiff was unable to keep up with her monthly payments related to her Regional Finance account ("Account").

10.     After falling behind on the Account, Regional Finance began its campaign of harassing phone calls to Plaintiff.

11.     In or around December 2019, Defendant began placing calls to Plaintiff on her cellular phone number ending in 1037, in an attempt to collect an alleged debt.

12.     The calls placed by Defendant originated from the following numbers: (901) 881-9244, (423) 952-8278, (864) 448-7390, (864) 448-7134, (864) 448-7197.

13.     On or about December 12, 2019, at 10:47 a.m., Plaintiff answered a collection call from Defendant; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system; Plaintiff spoke with Defendant's representative from number (901) 881-9244.

14.     Defendant informed Plaintiff that it was attempting to collect a debt related to her Regional Finance account.

15.     Plaintiff unequivocally revoked consent to be called any further and to only be contacted through mail in the future.  Despite Plaintiff's request not to be contacted, Defendant continued to call Plaintiff.

//

//

16.     On or about December 18, 2019, at 10:09 a.m., Plaintiff answered a collection call from Defendant; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system; Plaintiff spoke with Defendant's representative from number (901) 881-9244.

17.     Defendant informed Plaintiff that it was attempting to collect a debt related to her Regional Finance account.

18.     Plaintiff unequivocally revoked consent to be called any further. Despite Plaintiff's second request not to be contacted, Defendant continued to call Plaintiff.

19.     On or about June 12,  2020, at 12:20 p.m., Plaintiff answered a collection call from Defendant; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system; Plaintiff spoke with Defendant's representative from number (901) 881-9244.

20.     Defendant informed Plaintiff that it was attempting to collect a debt relating to her Regional Finance account.

21.     Plaintiff unequivocally revoked consent to be called any further and to only be contacted through mail in the future.  After Plaintiff third request, Defendant complied.

22.     Between December 12, 2019 and June 12, 2020, Defendant called Plaintiff no less than one hundred and forty (140) times.

//

23.   Defendant's calls not only induced stress, but also anxiety due to the daily incessant calls to her cellular phone.

24.    As a result of Defendant's conduct, Plaintiff has sustained actual damages including but not limited to, emotional and mental pain and anguish.

## COUNT I
### Defendant's Violations of the TCPA, 47 U.S.C. § 227

25.   Plaintiff re-alleges and incorporates by reference paragraphs one (1) through twenty-five (25) as though set forth at length herein.

26.   Defendant violated the TCPA.  Defendant's violations include, but are not limited to the following:

a. Within four years prior to the filing of this action, on multiple occasions, Defendants violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

//

//

//

b.  Within four years prior to the filing of this action, on multiple occasions, Defendants willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

27.    As a result of Defendants' violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II
### Defendant's Invasion of Privacy
### (Intrusion upon Seclusion)

28.    Plaintiff re-alleges and incorporates by reference paragraphs one (1) through twenty-eight (28) as though fully set forth herein.

30.    Defendant violated Plaintiff's privacy. Defendant's violations include, but are not limited to, the following:

a.  Defendant intentionally intruded, physically, or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect an alleged debt despite multiple requests for the calls to cease.

b.  Defendant's conduct would be highly offensive to a reasonable person as Plaintiff received calls after explaining that she was unable to make a payment due to her inability to pay and instructed them to only communicate with her in writing.

c.  Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

29.  As a result of Defendant's violations of Plaintiff's privacy, Defendant is liable to Plaintiff for actual damages.  If the Court finds that the conduct is found to be egregious, Plaintiff may recover punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Laquita Hicks, respectfully requests judgment be entered against Defendant, Regional Finance Corporation of Tennessee for the following:

A.  Declaratory judgment that Defendants violated the TCPA;

B.  Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

C.  Actual and punitive damages resulting from the invasion of privacy;

D.  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

E.  Any other relief that this Honorable Court deems appropriate.

//

## **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

THOMPSON LAW

By: /s/Christopher Kim Thompson
Christopher Kim Thompson #015895
4800 Charlotte Avenue, Suite 200
Nashville, TN 37209
T: (615) 832-2335
F: (615) 383-7128
E: kim@thompsonslawoffice.com
*Attorneys for Plaintiff*
*Laquita Hicks*